IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE MAE GIBSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 1:18-cv-00495-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 18) |

Denise Bourgeois Haley (Law Offices of Lawrence D. Rohlfing), counsel for Plaintiff Carrie Gibson, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff was served a copy of the motion on December 20, 2021 by mail (Doc. 18) with instruction to respond, if at all, within 14 days of her receipt thereof. She did not file a response. Defendant responded to the motion summarizing the applicable law but providing no opposition thereto. For the reasons below, the motion will be granted.

**I.    Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded  Doc. 18-1. The agreement also provide that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

On April 10, 2018 Plaintiff filed a complaint for review of the administrative decision denying her application for benefits. Doc. 1. Plaintiff submitted a confidential letter brief to Defendant. Prior to the submission of any merits briefing, the parties stipulated to remand the matter to the agency for further proceedings. Docs. 14.  The parties also stipulated to payment of EAJA fees in an amount of $1,600. Doc. 16. On remand the agency determined that Plaintiff was disabled and entitled to past due benefits effective November 2010 in monthly amounts ranging from $971 to $1,210 per month, which would yield a total past due benefit amount of approximately $140,000. From the past due benefit amount, the agency

withheld 25% for potential payment to counsel. The withheld amount was $34,967,[1] an amount earmarked for potential attorney fee payment by the agency, of which counsel now seeks only $10,000, presumably considering her modest investment of time.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or

---

[1] Throughout the brief, counsel frequently referred to $34,967 as the *the past due benefit amount,* rather than the 25% withheld. Br. at 3, 4, 5, 7, 18. Yet the benefits determination granting benefits effective November 2010 indicates that $34,967 represents the 25% withholding from the past due benefit amount by the agency for a potential attorney fee payment. The past due benefit amount would have been closer to $140,000. Though the award determination does not calculate the total, it reflects payments of $1,000 per month or more for a period dating back roughly 10 years. Counsel's inconsistent references to what the $34,967 figure represents (with no accompanying citations to the benefit determination, and no index of the 124 pages of exhibits) added unnecessary confusion to an otherwise simple analysis, and gave a mistaken impression that Plaintiff believed $10,000 represented 25% of $34,967 which, of course, it does not. Taking the fee petition quite literally, the Court would have simply reduced the award from $10,000 to $8,741.75, which would be 25% of $34,967. In fact, $34,967 already represents the 25% withheld by the agency for attorney payment, *of which* counsel only seeks $10,000.

excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

### III. **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result. There is no indication counsel engaged in dilatory conduct, excessive delay or substandard performance. Counsel seeks $10,000 based on 9.5 hours of work, resulting in an effective hourly rate of $1,052.63. Unlike fee motions governed by the lodestar method, in contingency fee matters pursuant to section 406(b) a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $1052.63 effective hourly rate sought here is consistent with the rates approved by other courts under section 406(b). *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

The $10,000 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 18) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $10,000 to The Law Offices of Lawrence D. Rohlfing.

3. The Law Offices of Lawrence D. Rohlfing shall refund to Plaintiff EAJA fees previously awarded in the amount of $1,600.

IT IS SO ORDERED.

Dated: **March 8, 2022**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4